# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

----------------------------------------------------------------
YOLANDA TURNER on behalf of herself and all others similarly situated,

    Plaintiff,

              v.

ROSEN HOTELS AND RESORTS, INC.,

    Defendant.
----------------------------------------------------------------

**CLASS ACTION COMPLAINT**

**AND JURY DEMAND**

Yolanda Turner ("Plaintiff") on behalf of herself and a class of those similarly situated, by way of Complaint against Rosen Hotels and Resorts, Inc. (hereinafter referred to as "Defendant") by and through her counsel alleges as follows:

## NATURE OF THE ACTION

*1.* This is a civil action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 et seq. (the "WARN Act"). The Plaintiff was an employee of the Defendant until she was laid off longer than 6 months as part of, or as a result of a mass layoff and/or plant closing ordered by the Defendant. As such, the Defendant is liable under the WARN Act for the failure to provide the Plaintiff and the other similarly situated former employees at least 60 days' advance written notice of the layoffs exceeding 6 months, as required by the WARN Act.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

3. The violation of the WARN Act alleged herein occurred in this District and more particularly in Orlando, FL. Venue in this Court is proper pursuant to 28 U.S.C §2104 (a)(5).

## THE PARTIES

4. Upon information and belief, at all relevant times Defendant was a Florida corporation with facilities throughout Florida, including but not limited to facilities located at 6327 International Dr. Orlando, FL 32819 ("Rosen Inn"), 7600 International Drive, Orlando, FL 32819 ("Rosen Inn International"),  9000 International Drive, Orlando, FL 32819 ("Rosen Inn at Pointe Orlando"),  8442 Palm Parkway, Lake Buena Vista, FL 32836 ("Rosen Inn Lake Buena Vista"), 9956 Hawaiian Court Orlando, Orlando, FL 32819 ("Midpointe Hotel"), 9700 International Drive, Orlando, FL 32819 ("Rosen Plaza Hotel"), 9840 International Drive, Orlando, FL 32819 ("Rosen Centre Hotel"), 9939 Universal Blvd, Orlando, FL 32819 ("Rosen Shingle Creek"), and 4000 Destination Parkway, Orlando, FL 32819 ("4000 Facility") (individually, each location is a "Facility" and collectively with the other facilities, the "Facilities").

5. Until on or about April 10, 2020, Plaintiff Yolanda Turner was an employee who was employed by Defendant and worked at or reported to the Rosen Inn.

6. Until on or about April 10, 2020, Defendant employed approximately 75 employees who worked at the Rosen Inn.

*7.* Until on or about April 10, 2020, Defendant employed approximately 4500 employees who worked at the Facilities.

*8.* On or about April 10, 2020, Defendant notified its employees at the Facilities that they were being placed on a temporary furlough.

*9.* The furlough continued for the next six months without Defendant notifying employees of their employment status.

*10.* Accordingly, pursuant to the WARN Act and 20 CFR § 639.3(f), on April 10, 2020, Plaintiff together with approximately 1000 other employees who worked at or reported to the Facilities and who never received notification from Defendant after April 10, 2020 as to their employment status, suffered "employment losses" as part of a mass layoff exceeding 6 months and/or plant closing exceeding 6 months as defined by the WARN Act, for which they were entitled to receive 60 days advance written notice under the WARN Act.

*11.* At or about the time the Plaintiff suffered an employment loss as part of a mass layoff and/or plant closing ordered by Defendant, approximately 1000 other similarly situated employees who worked at or reported to Facilities also suffered an employment loss as part of a mass layoff and/or plant closing ordered by Defendant (the "Other Similarly Situated Employees").

**CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104 (a)(5)**

*12.* Pursuant to 29 U.S.C. § 2104 (a)(5), the Plaintiff maintains this action on behalf of herself and on behalf of each of the Other Similarly Situated Employees.

3

  *13.*  Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

  *14.*  Defendant was required by the WARN Act to give the Plaintiff and the Other Similarly Situated Employees at least 60 days advance written notice prior to their layoff exceeding 6 months.

  *15.*  Prior to their layoff exceeding 6 months, neither the Plaintiff nor the Other Similarly Situated Employees received written notice that complied with the requirements of the WARN Act.

  *16.*  Defendant failed to pay the Plaintiff and the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective layoffs exceeding 6 months and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

## CLASS ACTION ALLEGATIONS RULES 23 (a) and (b)

  *17.*  The Plaintiff brings this action on her own behalf and, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the other employees who worked at the Facilities and were laid off longer than 6 months as part of a mass layoff and/or plant closing ordered by the Defendant at the Facilities on or about April 10, 2020 and thereafter ("the "Class").

  *18.*  The persons in the Class identified above ("Class Members") are so numerous that joinder of all Class Members is impracticable.

19. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

20. The claims of the representative parties are typical of the claims of the Class.

21. The representative parties will fairly and adequately protect the interests of the Class.

22. The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of WARN Act litigation, where an individual Plaintiff and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

24. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) Whether the Class Members were employees of the Defendant who worked at or reported to the Facilities;

(b) Whether Defendant ordered a layoff exceeding 6 months of the Class Members as part of a mass layoff and/or plant closing without cause on their part and without giving them 60 days advance written notice;

(c) Whether the Defendant may rely on the WARN Act's "unforeseeable business circumstances" or "faltering company" defense.

(d) Whether Defendant's failure to provide 60 days' notice should render it liable to the Class Members for 60 days' pay and benefits.

## WARN ACT CLAIM

25. At all relevant times, Defendant employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed more than 50 employees at each Facility.

26. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of WARN and 20 C.F.R. § 639.3(a).

27. On or about April 10, 2020, the Defendant ordered a "mass layoff" and/or "plant closing" at each Facility as that term is defined by 29 U.S.C. § 2101(a)(3).

28. The Plaintiff and the Class Members who were part of a layoff exceeding 6 months ordered by Defendant as a result of Defendant ordering a mass layoff and/or plant closing at each Facility on or about April 10, 2020 were "affected employees" as defined by 29 U.S.C. § 2101(a)(5) of the WARN Act.

29. The mass layoff and/or plant closing at the Facilities resulted in "employment losses," as that term is defined by the WARN Act and 20 CFR § 639.3(f) for at least fifty (50) of Defendant's employees as well as 33% of Defendant's workforce at each Facility, excluding "part-time employees," as that term is defined by the WARN Act.

30. The Plaintiff and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

*31.* Pursuant to Section 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 et seq., Defendant was required to provide at least 60 days prior written notice of the layoff exceeding 6 months.

*32.* Defendant failed to provide at least sixty (60) days prior notice to the Class Members of their layoff exceeding 6 months.

*33.* The Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their employment losses, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective employment losses.

*34.* As a result of Defendant's failure to pay the wages, benefits and other monies as asserted above, the Aggrieved Employees were damaged in an amount equal to the sum of the Class Members unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' employment losses.

**WHEREFORE**, the Plaintiff and Class Members demand judgment against the Defendant as follows:

a. An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, for sixty (60) working

days following the member employee's employment loss, all determined in accordance with the WARN Act;

  b. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), Plaintiff and the Class Members constitute a single class;

  c. Interest as allowed by law on the amounts owed under the preceding paragraphs;

  d. Appointment of the undersigned attorneys as Class Counsel;

  e. Appointment of Plaintiff as the Class Representative and payment of reasonable compensation for her services as such;

  f. The reasonable attorneys' fees and the costs and disbursements the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6);

  g. Such other and further relief as this Court may deem just and proper.

Dated: January 22, 2021      */s/ Brandon J. Hill*
              **BRANDON J. HILL**
              Florida Bar Number: 37061
              Direct No.: 813-337-7992
              **LUIS A. CABASSA**
              Florida Bar Number: 053643
              Direct No.: 813-379-2565
              **WENZEL FENTON CABASSA, P.A.**
              1110 North Florida Ave., Suite 300
              Tampa, Florida 33602
              Main No.: 813-224-0431
              Facsimile: 813-229-8712
              Email: lcabassa@wfclaw.com
              Email: bhill@wfclaw.com

LANKENAU & MILLER, LLP
Stuart J. Miller, Esq. (SJM 4276)
*Pro Hac Vice Motion Forthcoming*
Johnathan Miller, Esq.
*Pro Hac Vice Motion Forthcoming*
100 Church Street, 8th Floor
New York, NY 10007
P: (212) 581-5005
F: (212) 581-2122

THE GARDNER FIRM, PC
Mary E. Olsen (OLSEM4818)
*Pro Hac Vice Motion Forthcoming*
M. Vance McCrary (MCCRM4402)
*Pro Hac Vice Motion Forthcoming*
182 St. Francis Street
Suite 103
Mobile, Alabama 36602
P: (251) 433-8100
F: (251) 433-8181


*Attorneys for Plaintiff*